IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00048-F-5

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| DANA BOYLAN, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on the following pre-trial motions filed by Defendant: (1) Motion for Notice of Intent to Use 404(b) Evidence [DE-58]; (2) Motion for Early Release of Jencks Material [DE-59]; (3) Motion for Inculpatory Statements [DE-60]; (4) Motion to Sequester [DE-61]; and (5) Motion to Disclose Promises and Inducements [DE-62]. The Government has filed an omnibus response to the motions [DE-75], and the motions are ripe for ruling. For the reasons that follow, Defendant's motion for notice of intent to use 404(b) evidence [DE-58] is allowed in part and denied in part; motion for early release of Jencks material [DE-59] is denied; motion for inculpatory statements [DE-60] is denied; motion to sequester [DE-61] is allowed; and motion to disclose promises and inducements [DE-62] is allowed.

## I. STATEMENT OF THE CASE

On February 15, 2015, Defendant was charged in a multi-defendant, 22-count indictment with one count of knowingly and intentionally possessing with the intent to distribute a quantity of cocaine and a quantity of marijuana, both controlled substances, in violation of 21 U.S.C. § 841(a)(1). Defendant's arraignment is scheduled for the November 2, 2015 term of court. [DE-53].

## II. DISCUSSION

A.  **Motion for Notice of Intent to Use 404(b) Evidence [DE-58]**

In a criminal case, Rule 404(b) requires that the prosecution, upon request by the accused, "provide reasonable notice in advance of trial . . . of the general nature of any [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The rule does not, however, entitle the defendant to the discovery of the 404(b) evidence itself. *See United States v. Ross-Varner*, No. 5:14-CR-00206-F-6, 2015 WL 1612045, at *10 (E.D.N.C. Apr. 9, 2015) (unpublished) (citing *United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006) (explaining Rule 404(b) does not require the government to identify "the tangible evidence upon which [it] may rely to introduce the Rule 404(b) evidence")).

Here, Defendant seeks not only the nature of any Rule 404(b) evidence, but also the names and addresses of Government witnesses that will testify as to such evidence. Def.'s Mot. [DE-58] at 2. To the extent Defendant requests notice of the general nature of any 404(b) evidence the Government intends to introduce at trial, Defendant's request is allowed and this notice shall be provided at least one week (seven days) prior to trial. *See United States v. Renteria*, No. 7:12-CR-37-FA-10, 2014 WL 2616630, at *4 (E.D.N.C. June 12, 2014) (unpublished) ("Even where the charges are serious, providing 404(b) notice one week prior to trial may be sufficient.") (citing *Graham*, 468 F. Supp. 2d at 802; *United States v. Swain*, No. 4:07-CR-62-D, 2008 WL 717720, at *1 (E.D.N.C. Mar. 17, 2008) (unpublished)). Defendant's request that the Government disclose any witnesses that will testify as to the 404(b) evidence is denied. *See Graham*, 468 F. Supp. 2d at 802 ("Nothing in Rule 404(b) requires the government to identity the witnesses who will testify about the Rule 404(b) evidence or the tangible evidence upon which the government may rely to introduce

the Rule 404(b) evidence."). Accordingly, Defendant's motion for notice of intent to use 404(b) evidence [DE-58] is allowed in part and denied in part.

B.  **Motion for Early Release of Jencks Material [DE-59] and Motion for Inculpatory Statements [DE-60]**

Defendant has moved for the production of all material under the Jencks Act, 18 U.S.C. § 3500, no later than 15 days prior to trial, despite acknowledging the Fourth Circuit's holding in *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir.1994), that "[t]he district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified." Def.'s Mot. [DE-59] at 1-2. Defendant separately moves for the production of any inculpatory statements, including those of his co-defendants and co-conspirators, citing the Jencks Act and Federal Rule of Evidence 801(d)(2)(E). Def.'s Mot. [DE-60] at 2-3.

The Government certifies that it has turned over in discovery all inculpatory statements of Defendant. Gov't's Resp. [DE-75] at 2. With respect to statements made by co-conspirators or co-defendants, the Jencks Act covers statements made by such witnesses who will testify at trial. *United States v. Roberts*, 811 F.2d 257, 258-59 (4th Cir.1987). The court may not require the early production of Jencks Act material. *Lewis*, 35 F.3d 148, 151. Accordingly, the motions for early release of Jencks Act material and for inculpatory statements of co-conspirators or co-defendants [DE-59, -60] are denied.

C.  **Motion to Sequester [DE-61]**

Defendant moves the court to sequester the Government's witnesses at trial. Def.'s Mot. [DE-61] at 1. The Government asks that one agent be permitted to sit at counsel table during the trial. Gov't's Resp. [DE-75] at 5.

3

Rule 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Under this rule, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (citation omitted). Excepted from sequestration are (1) the parties themselves, (2) the designated representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, (4) or one authorized by statute to be present. Fed. R. Evid. 615(a)-(d). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 WL 167454, at *2 (E.D.N.C. Jan. 17, 2007) (unpublished) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation). Accordingly, Defendant's motion to sequester witnesses [DE-61] is allowed with the exception of one case agent designated by the Government.

### D.    Motion to Disclose Promises and Inducements [DE-62]

Defendant moves for the disclosure of any promises or inducements made to prospective Government witnesses pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). Def.'s Mot. [DE-62] at 1-2. The Government indicates it is not presently aware of any *Giglio* information not already provided, but should additional information arise, it will be provided prior to trial. Gov't's Resp.

4

[DE-75] at 6.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Government is required to disclose evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. This requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness, *Giglio*, 405 U.S. at 154, encompassing all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses, *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of a defendant's right to due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

Accordingly, Defendant's request for *Giglio* evidence [DE-62] is allowed, and to the extent the Government either possesses or discovers *Giglio* evidence that has not already been produced, it must do so no later than seven days (one week) prior to trial. *See United States v. Mayhew*, No. 5:13-CR-199-F-2, 2014 WL 185881, at *1 (E.D.N.C. Jan. 16, 2014) (unpublished) (ordering disclosure of *Brady* and *Giglio* evidence seven days prior to trial).

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for notice of intent to use 404(b) evidence [DE-58] is allowed in part and denied in part; motion for early release of Jencks material [DE-59] is denied; motion for inculpatory statements [DE-60] is denied; motion to sequester [DE-

5

Case 5:15-cr-00048-F   Document 84   Filed 10/05/15   Page 5 of 6

61] is allowed; and motion to disclose promises and inducements [DE-62] is allowed.

SO ORDERED, this the 5 day of October 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge